■ In the Matter of SUSAN M., Appellant-Respondent, v LOUIS N., Respondent-Appellant. [614 NYS2d 584] —Peters, J. Cross appeals from an order of the Family Court of Tompkins County (Barrett, J.), entered April 2, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to direct respondent to pay for support of his child.

By petition dated June 21, 1991, petitioner commenced this paternity and support proceeding concerning her then nine-year-old child, Blake. Subsequently, the parties entered into an agreement regarding paternity and Family Court signed an order of filiation dated December 29, 1992. This appeal concerns child support.

Petitioner has four children, Brandon, Brook, Blake and Olivia. She is a self-employed artist who holds a Bachelor of Arts degree from Smith College as well as a Master in Fine Arts degree from Cornell University. Her employment history reveals various jobs over the course of the years, some unrelated to her training. On her last available Federal tax return, which was for the year 1990, petitioner reported an annual salary of $17,355. Petitioner alleges, however, that she is now only able to generate less than $2,000 annually due to a spinal condition and a recurring "open sore" that prevents her from sitting for long periods of time. Petitioner further alleges that several other factors restrict her ability to be employed which include the "special needs" problems pertaining to her older son, a lack of dependable transportation, residence in a rural community, the fact that she is nursing her youngest child and the "demands of her vocation as an artist". She receives $200 per week in child support from the father of Brandon and Brook and currently lives with a college professor who earns approximately $36,000 annually and is the father of her youngest child, Olivia.

---

Respondent is married and has four children from such marriage. He is a salesperson with a company in Massachusetts and earns a gross annual salary of approximately $40,000 while his wife, a nurse, earns approximately $26,610 annually. He and his wife own two houses in Massachusetts: their marital residence, assessed at $89,300, and rental property, assessed at $87,100. Respondent receives income from the rental property in the amount of $550 per month, owns three vehicles in addition to a company car, has stocks, bonds and mutual funds valued at $4,100, and a pension valued at $2,900.

After a hearing, the Hearing Examiner calculated the combined parental income and determined that for purposes of the Child Support Standards Act (Family Ct Act § 413) (hereinafter the Act) respondent's annual income, after necessary deductions, is $38,532 or $741 per week. The Hearing Examiner then imputed to petitioner, based upon her earning capacity, an annual income, after necessary deductions, of $16,016 or $308 per week. The Hearing Examiner therefore ordered, *inter alia*, that respondent pay petitioner $126 per week for the support of Blake, which represents 70.6% of the combined parental income. The Hearing Examiner further ordered that respondent pay 50% of the child's unreimbursed health care expenses. Both parties filed objections to the Hearing Examiner's amended order which were denied by Family Court. The parties cross-appeal.

Petitioner first contends that the Hearing Examiner incorrectly calculated her income by basing it upon her earnings in 1990. We note that considerable discretion is given to the Hearing Examiner to attribute or impute income to a parent *(see,* Family Ct Act § 413 [1] [b] [5]) and that it may be based upon a prior employment experience *(see, Matter of Berg v O'Leary,* 193 AD2d 732, 733), as well as such parent's future earning capacity in light of that party's educational background *(see, Matter of Gray v Gray,* 199 AD2d 644; *Creem v Creem,* 121 AD2d 676, 677). Significantly, we find that the amount imputed to petitioner was based upon the most recent Federal tax return provided by petitioner *(see,* Family Ct Act § 413 [1] [b] [5] [i]), and although petitioner claims, *inter alia,* that medical problems limit her ability to work, no evidence was submitted, other than petitioner's general and conclusory testimony, to support such claim. The testimony revealed that petitioner has a superior educational background and has received numerous international awards as a result of her work. We further find that petitioner has been pursued to

exhibit her art internationally, yet claims, in the totality of these circumstances, to only earn $2,000 annually. Based upon the record before us, we find that since the Hearing Examiner was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses *(see, Matter of Berg v O'Leary, supra,* at 733-734; *Quinn v Quinn,* 145 AD2d 754, 756), we decline to disturb the findings made *(see, Matter of La Blanc v La Blanc,* 96 AD2d 670).

With respect to respondent's contentions that the Hearing Examiner should have attributed more income to petitioner and deviated from the Act based upon the needs of the other children in his household, we find that testimony concerning respondent's earnings, rental income as well as other available income and assets fully supports the Hearing Examiner's determination weighing the relative financial positions of the parties and evaluating their testimony *(see, Matter of Berg v O'Leary, supra; Matter of Miller v Davis,* 176 AD2d 945; *Quinn v Quinn, supra).*

Turning to the 50% split of the child's unreimbursed health care expenses as compared to a pro rata determination based upon the parties' income, we find that the Hearing Examiner adequately set forth her reason for deviating from the Act *(see,* Family Ct Act § 413 [1] [f] [10]; [g]; *Matter of Steuben County Dept. of Social Servs. [Padgett] v James,* 171 AD2d 1023) yet failed to specify the manner in which such health care expenses shall be paid *(see,* Family Ct Act § 413 [1] [c] [5]). In accordance with petitioner's request, we direct respondent to pay his share of all unreimbursed health care costs directly to petitioner within 30 days of receipt of the bill from petitioner.

Addressing next that provision of the order which directs that if respondent partakes in regular visitation he may petition for a modification of support absent a showing of any change in circumstances, we find such determination to be in error. The requirements for a party to demonstrate a change in circumstances sufficient to warrant a modification of a prior support order is not "a procedural device, but is a substantive requirement" *(Matter of Canabush v Wancewicz,* 193 AD2d 260, 263). The party seeking such modification must sustain the burden of demonstrating changed circumstances sufficient to warrant such modification *(see, Matter of Benedino v Higley,* 175 AD2d 447) and the provisions of the Family Court Act note that visitation expenses may be a basis for reducing the basic child support obligation when "(i) extraordinary expenses [are] incurred by the non-custodial parent in exercising

visitation, or (ii) expenses [are] incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof" (Family Ct Act § 413 [1] [f] [9]). Hence, while it is clear that visitation expenses may be raised as a basis for the reduction of a support award, we find that the parties never addressed this issue at the hearing. Therefore, there is no evidence in the record to suggest that even if respondent did partake in regular visitation, that his visitation expenses would be "extraordinary" such that deviation from the Act would be warranted (see, Matter of Gray v Gray, 199 AD2d 644, supra).

As to the provision in the order allowing the parties to seek contribution for college expenses at "any time in the future without necessity of alleging a change in circumstances", we find that a request for contribution for college expenses is, in and of itself, a change in circumstances sufficient to support a petition for modification (see, Matter of Haessly v Haessly, 203 AD2d 700). Accordingly, we find no error.

Finally, addressing respondent's contention that Family Court Act § 413 (1) (b) (5) (vii) (D) is unconstitutional since it penalizes children of intact homes by preventing their parents from deducting the support of these children from the income attributed to such parent for the purposes of the Act, we find such contention without merit in light of the deviation permitted by the Act if Family Court finds that its application would be unjust or inappropriate (see, Family Ct Act § 413 [1] [f], [g]).

As to all other contentions raised by the parties, we find them to be without merit.

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that respondent need not show any change in circumstances to petition Family Court for modification of his support obligation if he exercises regular visitation; and by including a provision directing that respondent is directed to pay petitioner 50% of all unreimbursed health care expenses within 30 days of receipt of any bill from petitioner; and, as so modified, affirmed.