■ In the Matter of CONNIE L. COLLINS, Respondent, v JAMES L. COLLINS, Appellant. [659 NYS2d 955] —Cardona, P. J. Appeal

from an order of the Family Court of Montgomery County (Going, J.), entered April 3, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 3-A, to direct respondent to pay for the support of his child.

Petitioner and respondent have one child born in 1982. The parties divorced in 1985 and the judgment of divorce incorporated without merging a stipulation of settlement which provided, *inter alia*, that petitioner was to have full custody of the child. The stipulation further provided that respondent would sign an irrevocable consent for future adoption and pay no child support unless the child became a public charge. Respondent executed a notice of intent to surrender and irrevocable consent. The judgment of divorce made no provision for child support. The adoption never materialized.

In March 1995, petitioner, a Florida resident, filed a petition under the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) (hereinafter USDL) seeking support from respondent. Following a hearing, the Hearing Examiner directed respondent to pay weekly child support in the amount of $60.71. Respondent filed objections, which Family Court granted to the extent of reducing respondent's obligation to $48.20. Respondent appeals.

Initially, respondent contends that Family Court lacked the authority to modify the provision relieving him of his child support obligation by making a support award because petitioner offered no proof that the child had become a public charge. He argues that petitioner's failure to articulate even a minimum change in circumstances requires dismissal of the petition. We have recognized "[i]n a USDL proceeding, [that] the substantive law of New York governs the determination of a respondent's duty" (*Matter of Greene v Greene*, 167 AD2d 606, 607) and have applied the change of circumstances standard in an appeal (originating from another judicial department) where one party sought an increase in the amount of support established by a previous court order (*see, id.*). Here, however, there is no existing order of support and the parties' agreement does not provide for the payment of support in any amount. Since there is no support order or support amount to modify, the standards relevant to modification applications* do not apply. Therefore, it was proper for the Hearing Examiner

---

* It is settled law that the child support provisions of an agreement incorporated but not merged in a judgment of divorce may not be modified, absent a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circum-

to determine the support issue *de novo* (*cf.*, *Matter of North Carolina ex rel. Beal v Vetrano*, 163 AD2d 478). This result is consistent with our view that a child's "right to receive adequate support cannot be evaded by an agreement that does not provide for such expenses" (*Matter of Litchfield v Litchfield*, 195 AD2d 747, 749, *supra*).

Respondent also contends that Family Court improperly attributed income based on both his employment potential and the value of benefits provided to him by his father. It is well settled that "[a] parent's child support obligation is not necessarily determined by his or her current financial condition" (*Orlando v Orlando*, 222 AD2d 906, 907, *lv dismissed in part and denied in part* 87 NY2d 1052), but rather by his or her ability to provide support (*see*, *id.*; *Matter of Darling v Darling*, 220 AD2d 858, 859). Both Domestic Relations Law § 32 (3) and Family Court Act § 413 (1) (a) charge parents with the obligation to support their children if they are "*possessed of sufficient means or able to earn such means*" (emphasis supplied) (*see*, *Orlando v Orlando*, *supra*, at 907; *Matter of Darling v Darling*, *supra*, at 859). Furthermore, a court need not rely upon a parent's own account of his or her finances in determining child support (*see*, *Brown v Brown*, 239 AD2d 535; *Orlando v Orlando*, *supra*) and may attribute or impute income "based upon a prior employment experience * * * as well as such parent's future earning capacity in light of that party's educational background" (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [citation omitted]).

Moreover, "[a] court has the discretion to impute income to a parent where the parent received money, goods or services from a relative or friend" (*Matter of Ladd v Suffolk County Dept. of Social Servs.*, 199 AD2d 393, 394; *see*, Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; Family Ct Act § 413 [1] [b] [5] [iv] [D]).

Although, at the time of the hearing, respondent had been unemployed for 6½ to 7 years, he testified that he had experience pumping gas and working on an assembly line and, furthermore, obtained an Associate's Degree. He also testified that he received $80 per month in spending money from his father and estimated the value of the benefits he received from living with his parents to be approximately $425 per month.

---

stances has occurred resulting in a concomitant need or that the needs of the child are not being met (*see*, *Merl v Merl*, 67 NY2d 359, 362; *Matter of Brescia v Fitts*, 56 NY2d 132, 138; *Matter of Boden v Boden*, 42 NY2d 210, 213; *Matter of Cook v Bornhorst*, 230 AD2d 934; *Matter of Litchfield v Litchfield*, 195 AD2d 747).

Based upon the record before us, we conclude that Family Court properly attributed a yearly employment income of $10,400 and benefits of $5,100, for a total income of $15,500, and correctly determined the weekly child support obligation in the amount of $48.20.

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

