■ In the Matter of CATTARAUGUS COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of CHERYL C. BUND, Respondent, v PHILLIP BUND, Appellant. [687 NYS2d 512] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner commenced this proceeding to enforce the child support provision of the divorce judgment requiring respondent, when employed, to pay 17% of his gross income pursuant to the Child Support

Standards Act. Following a hearing, the Hearing Examiner calculated respondent's weekly child support obligation to be $256.63, based upon an imputed annual income of $85,000. Respondent earned that amount in 1993, prior to his termination from employment as a bank vice-president. The Hearing Examiner also directed respondent to pay maintenance to his ex-wife in the amount of $150 per week.

Family Court erred in denying respondent's objections to that part of the order of the Hearing Examiner concerning the maintenance and child support awards. Maintenance was improperly awarded because it was not sought in the petition (*see*, Family Ct Act § 423; *see also, Frankel v Frankel*, 158 AD2d 750, 753). Further, we conclude that the Hearing Examiner improperly calculated the child support obligation in accordance with respondent's 1993 income, based on evidence that respondent was terminated from his bank position as the result of his own wrongdoing (*see, Matter of Knights v Knights*, 71 NY2d 865). Although a court has considerable discretion to impute income to a parent (*see*, Family Ct Act § 413 [1] [b] [5]; *Matter of Klein v Klein*, 251 AD2d 733; *Blaise v Blaise*, 241 AD2d 680, 682) and may "impute income 'based upon a prior employment experience' " (*Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed and lv denied* 91 NY2d 829, quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613), the exercise of that discretion "must have some basis in law and fact" (*Petek v Petek*, 239 AD2d 327, 328, citing *Martusewicz v Martusewicz*, 217 AD2d 926, 927, *lv denied* 88 NY2d 801). Respondent presented credible proof that he is not presently capable of earning at the level he reached prior to his termination in 1993 and that the amount of child support awarded would leave him insufficient resources to meet his own needs (*see, Frei v Pearson*, 244 AD2d 454, 456-457; *Muscarella v Muscarella*, 93 AD2d 993, 994). He also presented evidence that his annual gross income, as reported in his most recent (1996) Federal tax return, was $34,468 and that he paid FICA taxes in the amount of $3,227. In addition, petitioner requested at the close of the hearing that respondent's child support obligation be set in accordance with those 1996 figures. We conclude, therefore, that the weekly child support obligation of respondent should be calculated at 17% of his 1996 reported gross income less FICA taxes, and we modify the order by granting in part respondent's objections to the order of the Hearing Examiner, reducing respondent's weekly child support obligation to $102 and vacating the award of maintenance. (Appeal from Order of Cattaraugus County Family Court, Nenno, J.— Support.) Present—Green, J. P., Pine, Wisner, Pigott, Jr., and Callahan, JJ.