■ Lori J. Spencer, Appellant, v Edward L. Spencer, Respondent. [748 NYS2d 809] —Peters, J. Appeal from a judgment of the Supreme Court (Coccoma, J.) ordering, inter alia, the payment of child support and maintenance, entered August 30, 2001 in Otsego County, upon a decision of the court.

Plaintiff and defendant have one child, born in 1981. Defendant vacated the marital residence in March 2000, prompting plaintiff to commence an action for divorce in June 2000 to end their long-term marriage. At that time, defendant had been employed by Corning Glass Company for 17 years. Utilizing earnings as of July 2000, his income was projected to be $65,630.65, resulting in a pendente lite award of $250 per week in maintenance and $150.39 per week in child support. Thereafter, defendant voluntarily left his employment with Corning and accepted a lower paying position with Tessy Plastics; defendant's subsequent motion for a downward modification of his support obligation was denied.

Defendant did not contest the divorce. Numerous issues were resolved with the amount of maintenance and child support left for trial. During the course of the April 2001 hearing, Supreme Court corrected its prior calculation of defendant's annual income upon which the pendente lite award was based, now acknowledging that his actual income was $43,562. Defendant explained that his move to Tessy was a lateral one which afforded him greater long-term opportunities and a potential for increased earnings since he had reached his maximum salary level at Corning. By February 2001, however, defendant was laid off from Tessy. At the time of the hearing, he was receiving only $405 per week in unemployment benefits, all of which was used to pay the pendente lite award. Plaintiff, a customer services representative for a bank, was earning $24,750.67.

Following the hearing, plaintiff contended that, although defendant was unemployed, Supreme Court should impute his income to reflect his earnings at Corning for the purpose of calculating child support and maintenance obligations. Finding that defendant did not voluntarily reduce his income to avoid paying these obligations and had, instead, furthered his career to help pay for his daughter's college education, it terminated the prior award of temporary maintenance and ordered the

payment of $68.85 per week in child support based upon defendant's current income. Defendant was also ordered to pay 47% of all health costs not covered by insurance and was held solely responsible for repaying the loans utilized to fund their daughter's college education. Plaintiff appeals.

Addressing first plaintiff's challenge to Supreme Court's refusal to impute income in the manner requested, we note that income may be imputed based upon former earnings when the court determines that a litigant has intentionally reduced his or her earnings for the purposes of mitigating or avoiding a support obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [v]; *Matter of Collins v Collins*, 241 AD2d 725, 727, *lv dismissed and denied* 91 NY2d 829). As the trial court is deemed to possess "considerable discretion" (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613) in fashioning such an award, we will not disturb its finding absent an abuse thereof (*see Matter of Liebman v Liebman*, 229 AD2d 778, 779; *Orlando v Orlando*, 222 AD2d 906, 907, *lv dismissed and denied* 87 NY2d 1052; *Matter of Darling v Darling*, 220 AD2d 858, 859).

Here, Supreme Court's determination that defendant did not voluntarily reduce his income to avoid support obligations was wholly buttressed by defendant's testimony explaining his reasons for leaving Corning. Moreover, he explained that, together with 225 other Tessy employees, he was laid off approximately four months after he began because of a severe reversal in the automotive and computer industries. He thereafter circulated resumes and utilized a head-hunter, to no avail. Since then, he has only received unemployment benefits totaling $405 per week, which he used to pay the pendente lite award. As Supreme Court was in the best position to hear and evaluate this testimony (*see Matter of Pancaldo v Pancaldo*, 214 AD2d 879, 880; *Matter of Susan M. v Louis N.*, *supra* at 614), we can find no abuse of discretion in either its acceptance of defendant's explanations for ceasing his employment with Corning or its refusal to impute added income to him (*see Creighton v Creighton*, 222 AD2d 740, 742).

We further agree with Supreme Court's discretionary determination to terminate temporary maintenance at this time for all of the aforesaid reasons (*see Lombardo v Lombardo*, 255 AD2d 653, 654; *Creighton v Creighton*, *supra* at 741). However, recognizing that the purpose of maintenance is to afford the supported spouse a chance to achieve economic freedom, with such award only to last for the period of time necessary to achieve this goal (*see O'Brien v O'Brien*, 66 NY2d 576, 585; *Smith v Smith*, 249 AD2d 813, 815), we find that, despite

defendant's current state of unemployment, plaintiff's employment for approximately 16 years yielded an income significantly less than that reflected in defendant's employment history during this long-term marriage. Even considering the parties' modest prejudgment standard of living (*see Hartog v Hartog*, 85 NY2d 36, 51), our review of the numerous other factors which must be considered in assessing the propriety of a maintenance award (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; *Hartog v Hartog, supra* at 51-53; *Lombardo v Lombardo, supra* at 654) leads us to conclude that an award of maintenance would be warranted. However, since such award would be more appropriately assessed upon defendant's resumption of employment, we hereby modify the order to permit an application to the court, pursuant to Domestic Relations Law § 236 (B) (9) (b), to determine an amount and duration thereof upon defendant's resumption of employment which shall, for the purpose of a hearing, constitute the requisite substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Di Novo v Robinson*, 250 AD2d 898, 898-899; *Matter of Streit v Streit*, 237 AD2d 662, 663; *Basi v Basi*, 136 AD2d 945, 946, *lv dismissed* 72 NY2d 952).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by permitting either party to make an application to the Supreme Court for a determination of the amount and duration of maintenance upon defendant's resumption of employment, and, as so modified, affirmed.