■ In the Matter of DEBORAH A. KELLY, Respondent, v ANDREW BOVEE, Appellant. [779 NYS2d 656]—

Cardona, P.J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered March 24, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties are the parents of a child born in 1999. In May 2002, petitioner (hereinafter the mother) commenced a proceeding pursuant to Family Ct Act article 4 seeking, among other things, an order directing respondent (hereinafter the father) to pay child support. A temporary order of support was entered directing the father to pay $20 per week and, subsequently, a second temporary order increased that amount to $44. Thereafter, a hearing was held before a Support Magistrate wherein the father requested that he continue to pay $44 per week as his permanent support obligation. After the hearing, the Support Magistrate issued an order in that amount.

The father entered objections to the order claiming, among other things, that it failed to comply with the Child Support Standards Act (see Family Ct Act § 413). The mother filed a rebuttal and cross objections claiming that the Support Magistrate neglected to impute certain income to the father. Family Court agreed and issued an order requiring the father to pay $69 per week as child support along with 59% of daycare expenses.

On this appeal, the father claims that Family Court erred in agreeing with the mother's contention that he voluntarily reduced his income to avoid paying child support and, additionally, imputing an annual income of $22,880 to him. Notably, " '[a] parent's child support obligation is not necessarily determined by his or her current financial condition' but rather by his or her ability to provide support" (Matter of Collins v Collins, 241 AD2d 725, 727 [1997], lv dismissed and denied 91 NY2d 829 [1997] [citation omitted]). Simply, "a court need not

rely upon a parent's own account of his or her finances in determining child support" (*id.* at 727). Income may be imputed based upon former earnings or earning capacity where the court determines that a parent intentionally reduced his or her earnings for the purposes of mitigating or avoiding child support (*see* Family Ct Act § 413 [1] [b] [5] [v]; *Spencer v Spencer*, 298 AD2d 680, 681 [2002]; *Matter of Collins v Collins, supra* at 727). In such circumstances, the trial court possesses "considerable discretion" (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]) in fashioning such an award and we will not disturb its findings absent a demonstrated abuse of that discretion (*see Spencer v Spencer, supra* at 681).

Here, the father testified that, after a two-year absence from the work force, he took a sales job paying $6 per hour and requested that income only be utilized in determining his support obligations. However, an examination of the father's testimony provides support for the income imputed by Family Court. Specifically, the father testified that, prior to the year 2000, he worked as a qualified welder at Adirondack Scenic earning $11 per hour. He admitted that he voluntarily left that job in 2000 because the employer changed its location and he claimed his car was unreliable for travel to the new site. He also stated that he had a medical condition that restricted his ability to weld, however, he produced no supporting medical documentation (*see Matter of Susan M. v Louis N., supra* at 613). In any event, since the father admitted that he still had some welding tools and did "welding on the side" for hobbies and to instruct his friends, we cannot say that Family Court erred in not accepting the father's stated reasons for not pursuing further work as a welder. The father admitted that, after leaving the Adirondack Scenic job, he stayed home for two years working on improvements to his home and made no effort to find steady work. He stated that, during this period, he paid expenses by doing odd jobs and relied on funds from his parents and wife, proceeds from an insurance settlement and cash and gifts he received from friends. The father also testified that he had a garage that formerly provided rental income in the amount of $25 a day (*see id.*), however, he stated that he gave that up because, inter alia, it was too much trouble to worry about insurance. The father admitted that his home was insured for $200,000 and he had no mortgage or other debts to pay.

Considering the father's testimony concerning, inter alia, his employment history, his assets and liabilities and the amount of money and goods received from his family and friends over the years (*see Matter of Collins v Collins, supra* at 727), there is suf-

ficient proof to clearly support a finding that the imputation of increased income was appropriate. Accordingly, we find no basis to disturb Family Court's exercise of discretion (*see Bigler v Bigler*, 299 AD2d 435, 436 [2002]).

The remaining arguments raised by the father have been examined and found to be unpersuasive.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.