■ In the Matter of MARIE BIANCHI, Respondent, v DAVID E. BREAKELL, Appellant. (And Another Related Proceeding.) [804 NYS2d 846]—

Peters, J. Appeal from an order of the Family Court of Albany

---

County (Duggan, J.), entered April 21, 2004, which, inter alia, partially granted respondent's application, in two proceedings pursuant to Family Ct Act article 4, for modification of a prior child support order.

Petitioner and respondent were married in 1993 and were divorced shortly after the birth of their only child in 1995. Following a lengthy hearing on the issue of child support, respondent, a college graduate who received an engineering degree but was never licensed, was found to have substantial financial resources as a result of gifts given to him by his family. In a July 1998 order, the Support Magistrate found that, despite respondent's claim of having virtually no income since 1993, he "lived the lifestyle of a wealthy man." Faced with insufficient proof to determine an amount which should be included as unreported income, as well as a basis to impute income based upon respondent's earning capacity, the award of child support was based upon the needs or standard living of the child, whichever was greater (see Family Ct Act § 413 [1] [k]). No appeal was taken from that order.

In March 2003, respondent filed an objection to a cost of living adjustment (hereinafter COLA) in his child support obligation. In May 2003, he filed a petition seeking a downward modification, alleging a change in employment and a substantial loss of income and benefits from his family. Both petitions were heard in one proceeding. Respondent testified that in February 2002, after his construction business ceased to exist due to, among other things, an inability to acquire insurance, he was hired as a general contractor by LDB Associates, a company owned by his father and respondent's current wife. His entire income now consisted of an annual salary of $35,000, despite his testimony that he worked 40 to 60 hours per week. The tasks required of him mirrored those that he was performing at the time of the prior order. Respondent further testified that there are four judgments against him, only one of which was owed to his father. He claimed credit card debt and debt on a line of credit, and testified that the luxury vehicles, Florida home and boat, country club membership and some of the real property owned by him at the time of the prior order were no longer available. They were either sold by him to pay debt or by his family, yet he continues to be a one-third owner in the family's summer home. Respondent is remarried, has two additional children, and continues to live in a home owned by his

father, which respondent claims is leased to them for $700 monthly.*

The Support Magistrate, correctly determining that the objection to the COLA brought the parties into court for a de novo determination under the Child Support Standards Act (*see Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]), rejected as incredible respondent's testimony that he now is a salaried employee limited to $35,000 per year, especially since his expenses were in excess of his claimed income after taxes. The Support Magistrate therefore imputed $80,000 in income to respondent from his employment, along with an additional $20,000 in benefits bestowed by his family, to find the combined parental income, after FICA, to be $137,281. After determining respondent's share of child support on the first $80,000 of combined income, it applied the statutory 17% to the balance of $57,281, resulting in a support obligation of $307 per week, a reduction of $15 per week as compared to the prior order. Family Court denied respondent's objections, and this appeal followed.

Noting that credibility determinations are entitled to considerable deference, the record supports the Support Magistrate's findings that respondent is still living well due to the financial largess of his family. And while Family Court was wholly permitted to impute income to him "based upon a prior employment experience, as well as such parent's future earning capacity in light of that party's educational background" (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994] [citation omitted]; *see* Family Ct Act § 413 [1] [b] [5] [iv]; *Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *appeal dismissed, lv denied* 91 NY2d 829 [1997]), the determination here must be rejected because the articulated reason to impute $80,000 in income was based upon what would be a "reasonable employment wage." With no evidence in the record that respondent or anyone else with a similar educational and employment history could earn $80,000 per year doing similar work, the imputation of that amount was speculative (*see Alessi v Alessi*, 289 AD2d 782, 784 [2001]; *compare Carlson-Subik v Subik*, 257 AD2d 859, 860 [1999]; *Matter of Darling v Darling*, 220 AD2d 858, 859 [1995]; *Cardia v Cardia*, 203 AD2d 650, 651 [1994]). As to the additional $20,000 in income imputed to respondent, we find that remittal is required due to the failure of the Support Magistrate "to specifically delineate each category/source of income

---

* This home was the parties' residence during their marriage and it is situated on a large parcel of real property in the hamlet of Loudonville, Albany County, where respondent's father also resides.

imputed to respondent . . . [as well as] the actual dollar amount assigned to each category" (*Matter of Sweedan v Baglio*, 269 AD2d 724, 726 [2000]; *see Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684, 685 [2005]). Thus, with these insufficiencies undermining our ability to review whether the statutory percentage was properly applied to the income exceeding the $80,000 statutory cap (*compare Matter of Ballard v Davis*, 259 AD2d 881, 884-885 [1999], *lv denied* 94 NY2d 751 [1999]), we reverse the order rendered, reinstate the prior order and remit this matter for further proceedings.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, and pending said proceedings, the July 9, 1998 order shall remain in full force and effect.