■ In the Matter of ETHEL A. RUBLEY, Respondent, v J. GEORGE LONGWORTH, Appellant. [825 NYS2d 839]—

Mercure, J.P. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered October 24, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior child support order.

In December 2004, petitioner commenced this proceeding seeking modification of a prior order awarding child support for the parties' two minor children. There is no dispute that petitioner demonstrated a substantial change in circumstances warranting modification of the order; specifically, petitioner was recently granted primary physical custody of the children. Rather, upon his appeal, respondent challenges the denial of his objections to a Support Magistrate's determination imputing approximately $40,000 in annual income to respondent and increasing his weekly child support obligation to $236.66.

We affirm. It is well settled that a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation (*see Matter of Kelly v Bovee*, 9 AD3d 641, 641 [2004]; *Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *lv dismissed and denied* 91 NY2d 829 [1997]). Family Court is not bound by a parent's account of his or her own finances, and may impute income " 'based upon a prior employment experience, as well as such parent's future earning capacity in light of that party's educational background,' " and underreported business activity or payment of personal expenses from business accounts (*Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005], quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]; *see Askew v Askew*, 268 AD2d 635, 636 [2000]; *Matter of Klein v Klein*, 251 AD2d 733, 734-735 [1998]).

Here, respondent testified that he has a Bachelor's degree in geology, a Master's degree in geography and is a licensed geologist. In 1991, when he was earning approximately $55,000 per year, he left his job as head of the storage tank program at Dunn GeoScience and started his own business, which he continues to operate, with the hope that he would make more money. Although respondent has not searched for other work and continues to live a comfortable lifestyle, he maintains that his annual income is only $15,000. Given the Support Magis-

trate's opportunity to assess witness credibility, respondent's inability to explain how he affords his current monthly expenses, petitioner's testimony regarding respondent's history of charging personal expenses to his business and respondent's failure to explain his closely-held corporation's claim of $83,900 worth of deductions on its gross receipts of $99,892, we find no basis to disturb the imputation of $40,000 in income in addition to defendant's reported income of $15,000 (*see Moffre v Moffre*, 29 AD3d 1149, 1150-1151 [2006]; *Matter of Kelly v Bovee, supra* at 642; *Matter of Klein v Klein, supra* at 735). Finally, in light of respondent's continuous failure to comply with petitioner's discovery requests despite being granted an adjournment, we cannot say that the court erred in refusing to grant a second adjournment and precluding the admission of respondent's attachments to his 2004 corporate tax return and evidence surrounding a decline in his business (*see Matter of Spoor v Spoor*, 276 AD2d 887, 888 [2000]; *cf. Matter of Skrandel v Haese*, 2 AD3d 1188, 1189-1190 [2003]).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.