■ In the Matter of ELIZABETH KASABIAN, Respondent, v DONALD WAYNE CHICHESTER, Appellant. [898 NYS2d 293]—

Peters, J.P. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered June 18, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

In April 2007, petitioner commenced the instant proceeding seeking child support for three of the parties' five children, all of whom live with her in Louisiana. A hearing ensued, at the conclusion of which the Support Magistrate imputed $38,690 of annual income to respondent and established his weekly child support obligation. Family Court denied respondent's objections to the Support Magistrate's order, prompting this appeal.

Family Court properly sustained the Support Magistrate's determination imputing an annual income of $38,690 to respondent. "It is well settled that a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (*Matter of Rubley v Longworth*, 35 AD3d 1129, 1130 [2006] [citations omitted], *lv denied* 8 NY3d 811 [2007]; *see Matter of Kelly v Bovee*, 9 AD3d 641, 641 [2004]). Nor is a court constrained by a parent's account of his or her finances. Rather, it is accorded considerable discretion to impute income based on the parent's prior employment experience and future earning capacity (*see Bean v Bean*, 53 AD3d 718, 722 [2008]; *Matter of Kelly v Bovee*, 9 AD3d at 642; *Orlando v Orlando*, 222 AD2d 906, 907 [1995], *lv dismissed and denied* 87 NY2d 1052 [1996]).

Here, the sole financial documentation provided by respon-

dent was a 2007 income tax return indicating that he had no personal income. Respondent testified that he has had no income since 1999 and filed the 2007 tax return in order to receive an economic stimulus check.[1] The bulk of the testimony at the hearing concerned respondent's association with various businesses involved in the buying and selling of cars. Succinctly stated, respondent disclaimed any income or other financial benefit from these companies that are currently "owned" by his children, petitioner or his fiancée, but which he previously owned or had an interest in. The Support Magistrate found that respondent has "hidden behind the veil of corporations to hide income and avoid his responsibility to support his children" and his "testimony on the whole lacked credibility." According to the Support Magistrate, the only reliable evidence concerning respondent's earning capacity was his testimony that he possessed a commercial driver's license. Although he never attempted to obtain employment as a commercial trucker, the Support Magistrate determined that respondent had the ability to earn an annual income of at least $38,690, the average amount earned by a general freight trucker as established by statistics from the United States Department of Labor.[2] Given the paucity of proof in this record and according deference to the Support Magistrate's credibility determinations, we cannot conclude that the imputation of $38,690 in income to respondent was an abuse of discretion (see Moffre v Moffre, 29 AD3d 1149, 1150-1151 [2006]; Matter of Kelly v Bovee, 9 AD3d at 642; Spencer v Spencer, 298 AD2d 680, 681 [2002]). Respondent's remaining challenges to the Support Magistrate's findings are either unpreserved due to his failure to advance them in his objections filed with Family Court (see Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]; Matter of Ciampi v Sgueglia, 252 AD2d 755, 757-758 [1998]) or have been reviewed and found to be lacking in merit.

Finally, as to respondent's contention that he did not receive the effective assistance of counsel, there is no right to counsel in a proceeding to establish an order of child support (see Family Ct Act §§ 261, 262). Thus, absent extraordinary circum-

---

1. According to respondent, he has been residing rent-free with his fiancée and otherwise lives "on the good kindness of [his fiancée] and other family members."

2. While respondent argued in his objections that he possesses a "restricted" commercial driver's license, we find no error in Family Court's refusal to consider the issue inasmuch as there was no testimony to that effect during the hearing nor any indication or assertion that a restricted license would impact his ability and potential to earn income (see Matter of Redmond v Easy, 18 AD3d 283, 283-284 [2005]).

stances, which are not present here, respondent "cannot avoid the consequences of the acts or omissions of his retained counsel and no right to the effective assistance of counsel is implicated" (*Drake v Bates*, 49 AD3d 1098, 1099 [2008] [citations omitted]; *see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862, 864 [2005], *lv denied* 6 NY3d 710 [2006]; *Department of Social Servs. v Trustum C.D.*, 97 AD2d 831, 831 [1983], *lv denied* 61 NY2d 605 [1984]).

Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.