■ In the Matter of KARLTON TOMPKINS, Appellant, v MARIA F. TOMPKINS, Respondent. [973 NYS2d 416]—

Garry, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered March 2, 2012, which, in a proceeding pursuant to Family Ct Act article 4, partially denied petitioner's objections to the order of a Support Magistrate.

The parties are the parents of a son (born in 2004). In June 2009, they entered into a stipulation of divorce. The stipulation included no award of child support; the presumptive award would have reduced the income of respondent (hereinafter the mother) below the self-support reserve, and petitioner (hereinafter the father) waived collection of the minimum $25 monthly payment. The amended judgment of divorce, filed in November 2009, provided for child support as set forth in the stipulation and referred future child support issues to Family Court. In July 2011, the father commenced this proceeding seeking child

---

support from the mother. Following a fact-finding hearing, the Support Magistrate found that the mother's basic child support obligation would lower her income below the self-support reserve. Accordingly, the Support Magistrate reduced the obligation to the difference between the mother's income and the self-support reserve (*see* Family Ct Act § 413 [1] [d]), and then further reduced the amount based upon the expenses of the mother's extended visitation (*see* Family Ct Act § 413 [1] [f] [9]). The father filed objections, which the mother opposed. Family Court amended the order with regard to visitation expenses, finding that Family Ct Act § 413 (1) (f) (9) did not apply as the child received public assistance, but otherwise upheld the Support Magistrate's determination. The father appeals, and we affirm.

The father claims that income should have been imputed to the mother for expenses allegedly paid by her paramour, and that the Support Magistrate should not have credited her testimony on this issue.* In determining the amount of a parent's child support obligation, the court has discretion to impute income based upon "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv] [D]; *see Matter of Phelps v La Point*, 284 AD2d 605, 609 [2001]; *Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *lv dismissed and denied* 91 NY2d 829 [1997]). Here, the mother submitted financial affidavits alleging that she pays $400 per month in rent. She testified that in May 2011, she moved to a home newly purchased by her paramour, and that she made this monthly payment to him, as well as payments for utilities and food. The father contradicted this testimony, claiming that the mother had told him on some unspecified date that she did not pay rent and that her paramour covered her bills for everything but food. However, the mother asserted that, although she had not paid rent before her May 2011 move, she did do so thereafter. Notably, this proceeding was commenced after the mother's move. According due deference to the underlying credibility determinations, we find no abuse of Family Court's broad discretion in denying the request to impute income to the mother (*see Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1230 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Kasabian v Chichester*, 72 AD3d 1141, 1141 [2010], *lv denied* 15 NY3d 703 [2010]; *Rossiter v Rossiter*, 56 AD3d 1011, 1012 [2008]).

Peters, P.J., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Other issues previously asserted by the father were not addressed in his brief, and are thus deemed abandoned (*see Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1228 [2011], *lv denied* 17 NY3d 705 [2011]).