■ In the Matter of CYNTHIA L. D'ANDREA, Respondent, v TODD M. PREVOST, Appellant. [8 NYS3d 718]—

Lynch, J. Appeal from an order of the Family Court of Washington County (McKeighan, J.), entered March 13, 2014, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of a Support Magistrate.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two unemancipated children. Pursuant to orders issued by a Support Magistrate in November and December 2011, the parties shared custody of the children and neither party was directed to pay basic child support to the other. In May 2013, the mother commenced this proceeding seeking to modify the existing support order on the asserted ground that the parties were no longer sharing custody and that the children were residing with her. Following a hearing, the Support Magistrate imputed $54,000 of annual income to the father and established his biweekly child support obligation. Family Court denied the father's objections to the Support Magistrate's order imputing income to him, and this appeal ensued.

Initially, we reject the father's contention that Family Court was required to determine that he had deliberately reduced his income in order to reduce or avoid his child support obligation in order to impute income to him (*see Goddard v Goddard*, 256 AD2d 545, 546 [1998]; *Matter of Lutsic v Lutsic*, 245 AD2d 637, 637-638 [1997]; *Matter of Darling v Darling*, 220 AD2d 858, 859 [1995]). "It is well settled that a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (*Matter of Rubley v Longworth*, 35 AD3d 1129, 1130 [2006], *lv denied* 8 NY3d 811 [2007] [citation omitted]; *accord Matter of Bianchi v Breakell*, 48 AD3d 1000, 1002 [2008]). Relevant here, Family Court has the discretion to impute income based upon a parent's employment experience and earning capacity (*see Matter of Kasabian v Chichester*, 72 AD3d 1141, 1141 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Rubley v Longworth*, 35 AD3d at 1130), and if a parent fails to seek employment that is commensurate with his or her education, skills or experience (*see Matter of Curley v Klausen*, 110 AD3d 1156, 1159 [2013]). Because "[i]mputed income more accurately reflects a party's earning capacity and, presumably, his or her ability to pay[,] . . . [it] may be attributed to a party as long as the court articulates the basis for imputation and [the] record evidence supports the calculations" (*id.* [citations omitted]). Absent demonstrated abuse of the court's discretion, we will not disturb a determination to impute income to a parent (*see Matter of Kelly v Bovee*, 9 AD3d 641, 642 [2004]).

Here, the father testified at the October 2013 hearing before the Support Magistrate that he had "the equivalent to a Bachelor's degree from Organizational Leadership and Communication in Criminal Justice." In 2010, the father earned approximately $54,000 working as an assistant dean of students at a secondary school and was the custodial parent receiving child support from the mother. At some undisclosed time, the father lost his job at the school and, in 2011, his reported income of approximately $50,000 reflected his salary working as a part-time police officer and his receipt of unemployment insurance benefits. In 2012, the father's reported income ($56,556) reflected his salary from employment in the amount of $28,350, unemployment insurance benefits and the sum that he withdrew from his pension. At the hearing, the father explained that he was employed by a youth and family services agency earning $1,373 biweekly but that, one month earlier, his hours had been reduced from full time to 10 hours a week due to the termination of one of the agency's contracts. In addition, he testified that he worked approximately one shift each month for the police department.

In our view, the record supports Family Court's determination to impute income to the father, but not the amount imputed. The Support Magistrate found that the father had the ability to earn $54,000 per year based on his wages at the school in 2010. Noting the "paucity of proof in [the] record," Family Court reasoned that the amount was proper "based upon [the father's] work history." At best, however, the evidence of the father's work history was limited; the record includes no evidence with regard to the type of work that the father is trained to do, nor does it provide any basis to conclude whether, based on the father's educational background, he or one similarly situated has the ability to obtain a job earning $54,000 per year. As such, we find no record basis for Family Court's determination to impute income at that amount (*see McAuliffe v McAuliffe*, 70 AD3d 1129, 1132 [2010]; *Moffre v Moffre*, 29 AD3d 1149, 1151 [2006]; *Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005]; *Alessi v Alessi*, 289 AD2d 782, 784 [2001]; *Matter of Cattaraugus County Commr. of Social Servs. v Bund*, 259 AD2d 973, 974 [1999]). Based on the record evidence, we conclude that the father's child support obligation should be calculated based on the income he reported on his 2013 financial disclosure affidavit ($1,373 biweekly). Utilizing this amount, the father's child support obligation is reduced to $310 biweekly. In addition, the father's pro rata share for unreimbursed health-related expenses is reduced to 35%.

Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the

order is modified, on the law, without costs, by reversing so much thereof as established child support based upon respondent's imputed income in the amount of $54,000; respondent is directed to pay child support as set forth in this Court's decision; and, as so modified, affirmed.