Garry, J.
 

 Appeal from an order of the Family Court of Madison County (O’Sullivan, J.), entered February 24, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, for an order of support.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unwed parents of two children (born in 2007 and 2009). In March 2014, the mother sought child support from the father, the noncustodial parent, pursuant to Family Ct Act article 4. Following a hearing, the Support Magistrate rendered an order directing the father to pay support. The father objected to the order, arguing that the Support Magistrate improperly imputed income to him from his rental properties, his shares in his family’s business, and an unpaid debt owed to his parents. Family Court denied the father’s objections, finding that the income was appropriately imputed to the father. The father appeals.
 

 A party’s gross income is calculated based on that which should have been reported in his or her most recent federal income tax return and any investment income (see Family Ct Act § 413 [1] [b] [5]). However, a parent’s child support obligation is determined by his or her “ability to provide support, rather than the parent’s current financial situation” (Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015] [internal quotation marks and citation omitted]; accord Arthur v Arthur, 148 AD3d 1254, 1256 [2017]). In rendering a child support determination, a court is not limited to a parent’s account of his or her finances, but has “considerable discretion” to impute additional income to a parent (Moffre v Moffre, 29 AD3d 1149, 1150 [2006]; accord Matter of McKenna v McKenna, 137 AD3d 1464, 1465-1466 [2016]). As pertinent here, income may be imputed to a parent from “such other resources as may be available to the parent, including, but not limited to: . . . non-income producing assets” and “money . . . provided by relatives” (Family Ct Act § 413 [1] [b] [5] [iv] [A], [D]). This Court will not disturb a determination to impute income absent a demonstrated abuse of discretion (see Matter of Ross v Manley, 135 AD3d 1104, 1106-1107 [2016]; Matter of D'Andrea v Prevost, 128 AD3d at 1167; Spencer v Spencer, 298 AD2d 680, 681 [2002]).
 

 First, the father contends that rental income was improperly imputed to him on the basis that fire damage to one of his rental properties resulted in the rentals operating at a loss in 2013. He testified that he had owned one of the rental properties since 2001 and the other since 2005, and acknowledged having “consistently earned some money” during his period of ownership. The father reported a loss in 2013 arising from a fire in one of the units, but the father testified that the fire damage had been repaired, and offered no evidence during the lengthy proceedings indicating that the rental income subsequently remained adversely affected.
 

 Next, the father contends that income was improperly imputed based upon his ownership of shares in his family’s company. He is employed as the manager of the company’s hardware store, and his parents are the majority shareholders of the subchapter S corporation. The father reported passive earnings on his 2013 tax return arising from his shares, but argues that this income was improperly imputed to him as he never actually received this money. Upon review, and contrary to the father’s contention, we do not find that Family Court based its determination upon a negative inference drawn from his inability to submit the corporation’s financial reports; no such inference was necessary to support the determination.
 
 *
 
 In this regard, the court found it significant that the father had paid roughly $3,000 in taxes on these earnings, but claimed to have “no clue” as to where the money was. Notably, the father failed to disclose his shares in his initial April 2014 financial disclosure affidavit. On a second affidavit submitted 11 months later, he disclosed that he had received 127 shares in 2013 and additional shares in 2014.
 

 The father further asserts that the funds provided by his parents for construction of his new home were improperly considered in assessing his child support obligation. Although there was a promissory note, as of the date of the hearing, the father had not begun to repay the debt in accord with its terms. He had also failed to list this debt on either of his financial disclosure affidavits. Further, the father testified that his pay from the hardware store had been decreased. Family Court noted this inconsistency, in that the parents had allegedly made a major loan while decreasing his pay, with knowledge of the ongoing contentious legal proceedings, and upheld the Support Magistrate’s determinations upon consideration of the contradictions between the testimony and the documentation.
 

 Upon this record, we find no abuse of discretion in Family Court’s determination to impute to the father the rental income reported in his 2012 tax return (see Matter of Liling Gao v Ming Min Fan, 148 AD3d 897, 898 [2017]; Matter of Kelly v Bovee, 9 AD3d 641, 642-643 [2004]; Matter of Dukes v White, 295 AD2d 899, 899 [2002]; Matter of Liebman v Liebman, 229 AD2d 778, 779 [1996]). Similarly, according due deference to the underlying credibility assessments (see Matter of Tompkins v Tompkins, 110 AD3d 1172, 1173 [2013]), we find no abuse of discretion in the determination to impute the income he received from his shares in the family company (see Matter of Gallager v Flaherty, 220 AD2d 867, 867 [1995]; see also Matter of Thomas v DeFalco, 270 AD2d 277, 278 [2000]; Matter of Emery v Bond, 269 AD2d 832, 832 [2000]), or to impute an amount equal to the unpaid monthly payments on the promissory note (see Family Ct Act § 413 [1] [b] [5] [iv] [D]; Matter of Abellard v Aime, 18 AD3d 653, 653 [2005]; Matter of Collins v Collins, 241 AD2d 725, 727 [1997], appeal dismissed and lv denied 91 NY2d 829 [1997]).
 

 Finally, the father’s contention that his request to call his father as a witness was improperly denied is unpreserved for our review, as this issue is raised for the first time upon appeal (see Matter of Porter v D'Adamo, 113 AD3d 908, 910 [2014]; Severing v Severing, 97 AD3d 956, 957 [2012]). The father’s remaining contentions, to the extent not specifically addressed herein, are found to be without merit.
 

 McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 The father testified that he was not a majority shareholder and did not have access to the corporation’s financial information.