Matter of HALL v DAVIS (2019 NY Slip Op 07472)





Matter of HALL v DAVIS


2019 NY Slip Op 07472


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

528330

[*1]In the Matter of WILLIAM HALL, Petitioner,
v
SARAH DAVIS, Appellant.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Thomas F. Garner, Middleburgh, for appellant.



Lynch, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered July 31, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2003). The child was living with the mother until November 2017, when he began living with the father. In March 2018, the father commenced this proceeding seeking child support. After a fact-finding hearing, the Support Magistrate imputed income to the mother and directed her to pay support in the amount of $100.55 each week. The mother filed objections to the Support Magistrate's determination, which Family Court denied. The mother appeals.
Family Court did not abuse its "considerable discretion" when it sustained the Support Magistrate's determination to impute income to the mother (Matter of McKenna v McKenna, 137 AD3d 1464, 1465 [2016] [internal quotation marks and citation omitted]). At the fact-finding hearing, the mother testified that she lived with her new husband and their six-year-old child. Her husband was employed, worked at least full time, commuted approximately two hours a day and earned approximately $80,000 per year. Although the mother testified that she worked as a social worker prior to the birth of her younger child, she stopped working because she was not earning enough money to pay for travel expenses and child care and was "burned out." At the time of the hearing, she and her husband were operating a farm on their property. She testified that she spent at least eight hours each day caring for their various farm animals. The farm was not operated commercially, but the eggs and meat were used for food and to barter with other farms. The mother estimated that the family saved nearly $800 each month in grocery expenses, but she did not know how much it cost to run the farm. Having only owned the property for three years, the mother characterized the farm as "just starting," but stated that the plan was to expand to an income-producing operation in the future.
Upon a determination "that a parent has reduced resources or income . . . to reduce or avoid the parent's obligation for child support," Family Court may impute an amount based on prior income as current "income" (Family Ct Act § 413 [1] [b] [5] [v]). The court, however, is not required to first determine that there was such an intentional reduction in income prior to imputing income (see Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015]; Goddard v Goddard, 256 AD2d 545, 546 [1998]; Matter of Lutsic v Lutsic, 245 AD2d 637, 637-638 [1997]). Fundamentally, "a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Matter of D'Andrea v Prevost, 128 AD3d at 1167 [internal quotation marks and citation omitted]; see Mack v Mack, 169 AD3d 1214, 1217 [2019]).
In our view, although the record supports the determination to impute income to the mother, it does not support the amount of income imputed. After characterizing the farm operation as "nothing more than a hobby," the Support Magistrate found that the mother had the ability to earn $40,435.20 per year because that was the "median annual income for Community and Social Service Occupations as of May 2017 in Central New York non-metropolitan area." Family Court reasoned that this was appropriate based on the "lack of income information" and the availability of the federally derived income statistics.
This Court has held that the use of such statistical information may be appropriate to calculate the amount of income imputable to a parent (see Matter of Kasabian v Chichester, 72 AD3d 1141, 1142 [2010], lv denied 15 NY3d 703 [2010]). In Matter of Kasabian, however, the respondent testified about his continuing association with several businesses that he had once owned before transferring his interests to his children and/or fiancÉe (id. at 1142). The only "reliable" testimony was that he had a commercial driver's license, so the Support Magistrate there imputed the average salary of a general freight trucker (id. at 1142). Here, the mother testified that she had a Bachelor's degree and had not worked in her field of training for six years because the transportation and day-care expenses exceeded the amount of money that she was earning. Indisputably, she had been engaged in agricultural work for three years, working full time and generating a significant financial benefit in terms of reducing the cost of providing food for the family — an effort that is not fairly characterized as a "hobby," particularly given the goal of establishing an income producing farm. There was no evidence that the mother had a current license to work as a social worker and no testimony as to the type of career opportunities that were available to her given her education and experience.[FN1] Nor was the mother obligated to remain in the social work field when, as here, she was pursuing a plausible means of support. As such, we discern no record basis to impute income to her in the amount of $40,435.20. We note that there was no claim that the mother's lifestyle belied her testimony (cf. Matter of Kasabian v Chichester, 72 AD3d at 1142). Nor did the father ask the Support Magistrate to impute income to the mother, requesting only that she be obligated to pay the same $150 monthly amount that he was paying when the child lived with the mother. Accordingly, the matter must be remitted for a redetermination of the mother's support obligation.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as calculated respondent's income to be $40,435.20 and made an award of support based thereon; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Without a Master's degree, the mother would not be able to work as a licensed social worker in New York (see http://www.op.nysed.gov/prof/sw/lcsw.htm).