McCarthy, J.P.
Appeal from a judgment of the Supreme Court *1155 (Dowd, J.), entered September 5, 2013 in Chenango County, ordering, among other things, maintenance to plaintiff, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1989 and have two children. In 2009, the wife commenced this action for divorce. Supreme Court awarded the wife temporary maintenance in the amount of $1,500 per week, child support, interim counsel fees and half of her expert fees. The parties thereafter entered into a stipulation that resolved all issues of equitable distribution. After a bench trial, the court found that the wife was entitled to, among other things, a nondurational maintenance award of $78,000 per year, to be decreased to $50,000 per year once she reaches the age of 62, such award to be paid in weekly installments and to be terminated upon either party’s death or the wife’s remarriage. The husband now appeals and contests that maintenance award.
Supreme Court did not abuse its discretion in its maintenance award to the wife. The amount and duration of a maintenance award is left to the sound discretion of the trial court that has considered the statutory factors and the parties’ predivorce standard of living (see Domestic Relations Law § 236 [B] [6] [a]; Fisher v Fisher, 122 AD3d 1032, 1033 [2014]; Cornish v Eraca-Cornish, 107 AD3d 1322, 1324 [2013]). A spouse’s “ability to become self-supporting with respect to some standard of living in no way (1) obviates the need for the court to consider the predivorce standard of living; and (2) certainly does not create a per se bar to lifetime maintenance” (Hartog v Hartog, 85 NY2d 36, 52 [1995] [citation and emphasis omitted]; accord Bean v Bean, 53 AD3d 718, 723 [2008]).
Supreme Court expressly addressed numerous statutory factors and the predivorce standard of living. Among other things, it considered the evidence that the marriage was of a long duration and that the wife was capable of working and earning at least $32,000 a year. It noted that the wife did not require additional time or training to gain such employment and that her earning capacity was not affected by her choice not to work during portions of the marriage. It further considered the evidence that one of the parties’ children resided with the wife, that maintenance would be taxable for the wife and tax deductible for the husband and that the wife had wastefully dissipated $120,000 of marital assets. In addition, the court noted the wife’s lack of candor in her statement of net worth. The court also considered that, as of 2009, the husband had reported income of approximately $425,000, while the wife had *1156 no income that year. Finally, the court credited evidence that the wife had enjoyed a comfortable standard of living that was commensurate with the husband’s income. Given the totality of the evidence, we agree that it is unlikely that the wife will become self-supporting so as to attain the lifestyle to which she had been accustomed to during the course of the approximately two-decade marriage and, accordingly, we conclude that nondurational maintenance in the amount awarded, which included a reduction in that award at a set future date, was not an abuse of discretion (see Bean v Bean, 53 AD3d at 724; Holterman v Holterman, 307 AD2d 442, 442 [2003], affd 3 NY3d 1 [2004]; Kay v Kay, 302 AD2d 711, 712 [2003]; Roffey v Roffey, 217 AD2d 864, 867 [1995]).
Egan Jr., Devine and Clark, JJ., concur.
Ordered that the judgment is affirmed, without costs.