# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**95**

**CAF 14-01232**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF CINDY L. TUCKER,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DANIEL L. MILLER, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Yates County (Dennis F.
Bender, A.J.), entered November 26, 2013 in a proceeding pursuant to
Family Court Act article 8.  The order, among other things, directed
respondent to stay away from petitioner.

It is hereby ORDERED that the order of protection so appealed
from is unanimously affirmed without costs and the finding in the
underlying order entered August 23, 2013 that respondent committed the
family offense of stalking in the fourth degree (Penal Law § 120.45
[3]) is vacated.

Memorandum:  In a proceeding pursuant to Family Court Act article
8, respondent appeals from an order of protection issued in connection
with Family Court's determination that he committed acts constituting
the family offenses of disorderly conduct and stalking in the fourth
degree against petitioner (*see* Family Ct Act § 812 [1]; Penal Law
§§ 240.20 [3]; 120.45 [3]).  Respondent's contention that the order of
protection was overly broad is moot inasmuch as the order of
protection has expired by its terms (*see Matter of Gansburg v
Gansburg*, 127 AD2d 766, 766).  However, respondent also challenges the
court's findings in the underlying fact-finding order that he
committed family offenses, and those challenges are properly before us
" 'in light of enduring consequences which may potentially flow from
an adjudication that a party has committed a family offense' " (*Matter
of Hunt v Hunt*, 51 AD3d 924, 925).

We reject respondent's contention that the court did not have
subject matter jurisdiction because the parties were no longer in an
intimate relationship.  Both parties testified that they started
dating before they moved to New York in February 2012, and that they
remained a couple until September 2012.  Additionally, although their
sexual relationship ended in the fall of 2012, the parties continued
to live together on-and-off until the petition was filed in March
2013.  We thus conclude that the court properly determined that the

parties' relationship fits within the plain terms of the statute (*see* Family Ct Act § 812 [1] [e]; *Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 90). We reject respondent's further contention that the evidence is legally insufficient to support a finding that he committed the family offense of disorderly conduct. Petitioner testified that respondent screamed at her in a "harassing" and obscene manner in her place of business on December 20, 2012, in the presence of customers and employees. Moreover, respondent admitted that he screamed at petitioner at her place of business in the presence of customers. The court's "assessment of the credibility of the witnesses is entitled to great weight" (*Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188, 1189), and the record supports the court's determination that petitioner met her burden of establishing by a preponderance of the evidence that respondent committed acts constituting the offense of disorderly conduct, thus warranting the issuance of an order of protection in her favor (*see id.; see also* § 812 [1]; Penal Law § 240.20 [3]).

We agree with respondent, however, that the evidence is legally insufficient to establish that he committed the family offense of stalking in the fourth degree. We conclude that petitioner did not meet her burden of establishing by a preponderance of the evidence that respondent "intentionally, and for no legitimate purpose, engage[d] in a course of conduct directed at a specific person, and kn[ew] or reasonably should [have known] that such conduct . . . [was] likely to cause such person to reasonably fear that his or her employment, business or career [was] threatened" (Penal Law § 120.45 [3]). We therefore vacate the finding in the underlying fact-finding order that respondent committed the family offense of stalking in the fourth degree (*see Matter of Hodiantov v Aronov*, 110 AD3d 881, 882).

Entered: April 29, 2016                    Frances E. Cafarell
                                           Clerk of the Court