KAREN M. ARTHUR, Respondent, v DONALD R. ARTHUR, Appellant. [48 NYS3d 813]—

Mulvey, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered March 14, 2016 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2005 and have two children (born in 2006 and 2008). This action for divorce was commenced in June 2013. The parties stipulated to the grounds for divorce and a nonjury trial was conducted over the course of eight days in August 2014, March 2015 and April 2015 to decide the issues of equitable distribution, spousal maintenance, child support and exclusive occupancy of the marital home. Supreme Court granted the divorce, directed a distributive award to the wife, ordered the husband to pay spousal maintenance for two years, awarded child support to the wife, awarded exclusive occupancy of the marital property to the wife until June 30, 2016, and awarded counsel fees to the wife. The husband appeals.[1]

Supreme Court awarded the wife the sum of $25,000 as a distributive award on the basis of the parties' testimony describing the extent and cost of repairs made to two homes

---

1. The husband appealed from Supreme Court's decision and order, rather than from the subsequently entered judgment of divorce. Inasmuch as the judgment does not materially differ from the order, we exercise our discretion to treat the appeal as taken from the final judgment (see CPLR 5520 [c]; *Albertalli v Albertalli*, 124 AD3d 941, 944 [2015]).

acquired by the husband prior to the marriage.[2] The husband challenges the award contending that it was not supported by competent proof. Supreme Court's distributive award "will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors" (*Robinson v Robinson*, 133 AD3d 1185, 1187 [2015] [internal quotation marks and citation omitted]; *see Kelly v Kelly*, 140 AD3d 1436, 1436 [2016]).

As the nontitled spouse, the wife bore the burden of proof regarding the value of her contributions (*see Robinson v Robinson*, 133 AD3d at 1187; *Albanese v Albanese*, 69 AD3d 1005, 1006 [2010]). Supreme Court credited the wife's testimony that the total cost of repairs was approximately $50,000 and that marital funds from a joint account were used (*see Ceravolo v DeSantis*, 125 AD3d 113, 118-119 [2015]; *Macaluso v Macaluso*, 124 AD3d 959, 960 [2015]). The wife's description of the repairs and estimation of the amount expended were not challenged on cross-examination, and the absence of documentary support for the wife's testimony does not invalidate the award, since it was within the province of the court to determine the weight accorded her testimony (*see Spenello v Spenello*, 274 AD2d 822, 824 [2000]). Although the husband testified that total expenditures came to only $10,000, and that the source of those funds was from his separate property, the court explicitly found the husband's testimony "generally not credible." Given the court's "superior opportunity to assess the credibility of the witnesses, we defer to its determinations" (*Lurie v Lurie*, 94 AD3d 1376, 1378 [2012]). Although neither party offered any proof of any appreciation of either property from the date of the marriage to the date of commencement, Supreme Court did not abuse its discretion in finding that the use of marital funds for improvement of the husband's separate property, combined with both direct and indirect contributions from both parties, constituted a proper basis for the distributive award (*see Robinson v Robinson*, 133 AD3d at 1187-1188). Further, the court discussed the factors that it considered when determining the distributive award, including the disparity in the parties' separate property and their respective income potentials. Based on the record before us, we find that Supreme Court did not abuse its discretion in ordering the modest distributive award.

In determining the amount of child support and spousal maintenance, Supreme Court imputed an annual income to the

---

**2.** Both parties concede that these two properties are the separate property of the husband, one of which was the marital home.

husband in the amount of $109,512.[3] The husband argues that this was an abuse of discretion since it was based on his prior employment and distributions from some family trusts and that he is now unemployed. "Income may be imputed based upon a prior employment experience, as well as such [person's] future earning capacity in light of that party's educational background" (*Moffre v Moffre*, 29 AD3d 1149, 1150 [2006] [internal quotation marks and citations omitted]; *see Matter of D'Andrea v Prevost*, 128 AD3d 1166, 1167 [2015]). "A trial court has broad discretion to impute income when determining the amount of child support and maintenance and is not bound by the parties' representations of their finances" (*Pfister v Pfister*, 146 AD3d 1135, 1136 [2017] [citations omitted]). Further, " 'a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation' " (*Matter of D'Andrea v Prevost*, 128 AD3d at 1167, quoting *Matter of Rubley v Longworth*, 35 AD3d 1129, 1130 [2006], *lv denied* 8 NY3d 811 [2007]). At the time of trial, the husband was unemployed, but was seeking certification as a public finance officer. In imputing income to the husband, the court properly considered his 40-year employment history, his Master's degree in finance, his recent salaries in the public sector, as well as his quarterly income from several family trusts. The court articulated the basis for its finding and we find that the evidence in the record supports the court's calculation (*see Matter of Curley v Klausen*, 110 AD3d 1156, 1159 [2013]).

The husband also challenges the calculation of his child support obligation, arguing that the parties' August 2014 agreement to share physical custody equally constitutes a factor requiring deviation from the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [f] [hereinafter CSSA]). We note that Supreme Court's decision does not indicate whether the shared custody arrangement was considered as a specific factor, yet the court expressly found that the amount calculated was appropriate. In determining the husband's support obligation, the court properly applied the three-step method in calculating his proportional share of the basic child support obligation (*see Bast v Rossoff*, 91 NY2d 723, 726-727 [1998]; *compare Vertucci v Vertucci*, 103 AD3d 999, 1005 [2013]). Because the parties' combined incomes slightly exceeded the statutory cap of $141,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]), the court noted that it had considered the statu-

---

**3.** Supreme Court also imputed income to the wife, utilizing the amount of her last salary approximately 10 years before the marriage and before she earned her Ph.D.

tory factors in utilizing the combined parental income in excess of the statutory cap (see Domestic Relations Law § 240 [1-b] [c], [f]). Specific factors noted by the court included the children's entitlement to continue the standard of living they enjoyed prior to the parties' separation, their needs that must be addressed and the husband's resources that go beyond the income he attempted to have attributed to him. "The CSSA contains a rebuttable presumption that application of the guidelines will yield the correct amount of child support, thereby placing the burden on the party contesting the application of the statutory percentage to establish that the pro rata share of support is unjust or inappropriate" (Matter of Ryan v Ryan, 110 AD3d 1176, 1180 [2013] [citations omitted]). In exercising our independent review power, we find a lack of evidence in the record to support the husband's claim that shared parenting justifies a reduction of his child support obligation or that his proportional share of support "is unjust or inappropriate based on the application of the statutory factors" (Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215 [2015]).

We also see no basis to disturb Supreme Court's award of exclusive use and occupancy of the marital home to the wife until June 30, 2016, while directing payment of full child support by the husband during that period. Since the marital home is the husband's separate property, he contends that the child support payment calculation by Supreme Court should have included a credit for the carrying charges for that property during the time that the court awarded exclusive occupancy to the wife and children. The husband's argument ignores the fact that he was already obligated to pay the mortgage, taxes and insurance and, in the context of this action, had not been ordered to pay those carrying charges. Since he was already contractually obligated to pay those charges on his separate property, the court was not required to include such a credit in the child support calculation (see McKay v Groesbeck, 117 AD3d 810, 811 [2014]; compare Ciaffone v Ciaffone, 228 AD2d 949, 952 [1996]).

Finally, we turn to the husband's contention that Supreme Court erred in awarding the wife post-divorce maintenance of $2,000 per month for two years. The husband emphasizes the short duration of the marriage and the fact that he voluntarily paid pendente lite spousal support of $1,500 per month from January 2013 through the issuance of Supreme Court's decision. The husband also contends that the award of maintenance should have reflected that he is also paying all the carrying charges on the marital home temporarily occupied by the wife

and the children following the divorce. "[T]he primary purpose of maintenance is to encourage self-sufficiency by the recipient" (*Biagiotti v Biagiotti*, 97 AD3d 941, 942 [2012] [internal quotation marks and citation omitted]), and "[t]he amount and duration of a maintenance award is left to the sound discretion of the trial court that has considered the statutory factors and the parties' predivorce standard of living" (*Orioli v Orioli*, 129 AD3d 1154, 1155 [2015]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Cornish v Eraca-Cornish*, 107 AD3d 1322, 1324 [2013]). We find that the factors discussed by Supreme Court justify the award, including the wife's inability to support herself without spousal support given her work history, to-date unsuccessful search for permanent employment, her role as caregiver to the parties' young children and the fact that the marital assets distributed to her are not substantial enough to generate independent income. The short duration of the award reflects the relatively short term of the marriage and the wife's employment potential given her advanced education. Supreme Court identified the statutory factors it considered (*see Robinson v Robinson*, 133 AD3d at 1186) and provided a "reasoned analysis of the factors it . . . relie[d] upon in awarding maintenance" (*Curley v Curley*, 125 AD3d 1227, 1228 [2015]), and we perceive no abuse of discretion in the amount or duration of the award (*see Orioli v Orioli*, 129 AD3d at 1156).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.