Donna E. v Michael F. (2020 NY Slip Op 03833)





Donna E. v Michael F.


2020 NY Slip Op 03833


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

528738

[*1]Donna E., Appellant,
v
Michael F., Defendant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Stephen J. Molinsek, LLC, Delmar (Stephen J. Molinsek of counsel), for appellant.
Sharon Lee McNulty, Albany, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered February 15, 2019 in Albany County, granting, among other things, primary physical custody of the parties' child to plaintiff, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2009 and are the parents of one child (born in 2012). In October 2017, the wife filed a family offense petition alleging that the husband pushed her down on a bed and twisted her arm and wrist. She also alleged that, in 2012, the husband kicked open the door after she had locked herself and the child in the bedroom to avoid a confrontation with the husband, whom she alleged was drunk and verbally abusive. The wife later amended the family offense petition to identify provisions of the Penal Law that she claimed the husband violated. Thereafter, a temporary order of protection was entered against the husband.
In November 2017, the wife commenced this divorce action. In March 2018, Supreme Court (Ryba, J.) consolidated the family offense petition with the matrimonial action. The parties stipulated as to the ground for divorce and all issues of equitable distribution and waiver of spousal support were resolved by the parties via a written settlement agreement. However, no resolution was forthcoming regarding parenting time, child support and the amended family offense petition. Following a nonjury trial, Supreme Court (Connolly, J.) granted the parties joint legal custody of the child, with primary physical custody to the wife, and allotted the husband parenting time — as relevant here — during the school year, every other weekend from Friday at 4:00 p.m. until Monday at the beginning of the school day, an overnight on each Thursday immediately following the weekend spent with the child, and the Tuesday next following each Thursday. It further provided that, during the school summer recess, the parents would equally split time with the child on a week on/week off basis commencing Sunday at 6:00 p.m. Finally, the decision provided that, if the husband is available and the wife cannot do so, the husband may pick up the child at the end of the school day and return the child to the wife's residence when she returns home from work. With regard to child support, the court, applying the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]), found the husband's basic child support obligation to be $1,024, but, finding that award to be "unjust and inappropriate," deviated from said obligation and ordered the husband to pay $750 a month in child support. The court also prorated the cost of day care/child care, the cost of health insurance and unreimbursed medical expenses for the child, with the husband to pay 57% and the wife to pay 43%. Lastly, Supreme Court dismissed the wife's amended family offense petition. A judgment of divorce was entered in February 2019, incorporating, but not merging, Supreme Court's order. The wife appeals.
The CSSA provides a three-step method for calculating child support (see Domestic Relations Law § 240 [1-b] [c]). The first step is to compute combined parental income. Second, the combined parental income is multiplied by a designated percentage based on the number of children to be supported. Finally, that amount is then allocated between the parents by applying each parent's respective portion to the total income (see Holterman v Holterman, 3 NY3d 1, 10-11 [2004]; Johnson v Johnson, 172 AD3d 1654, 1655 [2019]). "After completing the three-step formula, the statute allows the court to deviate from the basic child support obligation upon proof that the award would be 'unjust or inappropriate'" (Allen v Allen, 179 AD3d 1318, 1321 [2020], quoting Domestic Relations Law § 240 [1-b] [f] [citations omitted]). If the court chooses to deviate, it must articulate its reasons for doing so (see Bellinger v Bellinger, 46 AD3d 1200, 1202 [2007]). As noted, Supreme Court chose to deviate, finding that the calculation of $1,024 as the husband's basic child support obligation was unjust and inappropriate. As an explanation for doing so, the court stated its concern that mandating the full amount of support from the husband would likely have the effect of forcing the sale of the husband's recreational cabin. This, the court reasoned, would result in the loss of an important part of his relationship with the child, thus effecting the physical and emotional needs of the child to spend quality outdoor time with the husband. Moreover, according to Supreme Court, the sale of the property would constitute a diminution of the standard of living that the child would have enjoyed had the marriage not dissolved. The wife asserts that Supreme Court erred, as there was no reasonable basis in law or fact to deviate. We agree.
The calculation of child support is undisputed. Although Supreme Court articulated the reasons for deviating from the CSSA, the record does not reveal sufficient evidence to support a finding that the husband's support obligation is unjust or inappropriate. The parties each testified that they struggled financially, living "paycheck to paycheck." However, the husband did not testify that he would be forced to sell his cabin. Furthermore, this Court has "consistently held that the costs of providing suitable housing, clothing and food for a child during custodial periods do not qualify as extraordinary expenses so as to justify a deviation from the presumptive amount" of child support (Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215-1216 [2015] [internal quotation marks, brackets and citations omitted]). The costs involved in providing a vacation home for a child to use occasionally do not justify a deviation. Lastly, in its discretion, the court did not conduct a Lincoln hearing and, as such, the child's wishes or desires with regard to spending time at the cabin are unknown. Nor was there any expert testimony that the child's physical or emotional needs would suffer if she did not spend time at the cabin. Thus, we find that deviation was not warranted and the husband's child support obligation should be increased to $1,024 per month, reduced by the amounts paid by the husband to date, commencing retroactively to January 2019, with the arrears collected administratively by the Support Collection Unit.
The wife also argues that the husband should be required to contribute to the child's education expenses. The CSSA empowers a court to award payment of a child's private school expenses (see Domestic Relations Law § 240 [1-b] [c] [7]). Education expenses may be awarded "as justice requires, having due regard for the circumstances of the case and of the respective parties and in the best interests of the child. Relevant factors include the parents' educational background, the child's academic acuity and the financial situation of the parents" (Malone v Malone, 122 AD3d 1190, 1193 [2014] [internal quotation marks, brackets, ellipsis and citations omitted]). Subsequent to the trial, and prior to its February 2019 judgment, Supreme Court rendered an oral decision directing the child's attendance at a public school. Therefore, Supreme Court's child support determination did not include an award for private school tuition. During oral argument, the attorney for the child (hereinafter AFC) confirmed that the child has been attending public school for the past two years and posed no argument to her remaining enrolled therein. We find that the record demonstrates that Supreme Court did not abuse its discretion in failing to order the husband to contribute to the child's private education expenses.
Turning to parenting time, Supreme Court granted the husband the right to exercise parenting time with the child at the end of the school day if he is available and the wife cannot pick up the child. The wife contends that this restricts and circumvents her ability to make child care decisions, interferes with her child care arrangements and suggests bias. The AFC objects to this parenting provision as it is confusing to the child, as she does not know whether she will be attending after school care or going with the husband. Additionally, the AFC asserts that this provision will be successful only if the parties effectively communicate, are respectful of one another and are willing to put the child's best interests ahead of their own — none of which has been apparent to date. "It is well settled that the overriding concern in custody matters is the best interests of the child[]" (Musacchio v Musacchio, 107 AD3d 1326, 1328 [2013]), and Supreme Court is afforded broad discretion in crafting a parenting time schedule (see Matter of Williams v Williams, 151 AD3d 1307, 1308 [2017]). Unless parenting time would be detrimental to the child's welfare, Supreme Court's fashioning of the schedule will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Adam E. v Heather F, 151 AD3d 1212, 1215 [2017]). The record establishes that the parties were unable to agree among themselves how the child should spend time with each parent, and this provision would necessitate much communication and cooperation between them. Further, the provision delegates to the husband the authority to determine parenting time, which Supreme Court cannot do (see Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012]). More importantly, it would be detrimental to the child's welfare — and not in her best interests — as the child does not have a structured schedule for day care. As such, this provision should be removed from the court's judgment.
However, we reach a different conclusion as to the summer parenting schedule. Supreme Court directed that the parties shall equally split time with the child on a week on/week off basis. The wife and the AFC assert that this is not in the child's best interests as it is too long for the child to go without seeing the other parent. The record demonstrates that both parents are loving and caring. This schedule allows the child to spend equal time with each parent on a set schedule. Although this schedule will remain in place, we find that a modification is warranted to allow a Wednesday evening 7:00 p.m. Facetime — or an equivalent video and audio conference — between the child and the parent with whom the child is not living on that particular week.
Lastly, the wife contends that Supreme Court erred in dismissing the family offense petition, alleging that the husband's conduct during a 2012 incident and an October 2017 incident constituted attempted assault, disorderly conduct, harassment in the first or second degree, stalking and menacing. The wife had the burden of establishing by a fair preponderance of the evidence that the husband committed one of the specified offenses (see Matter of Putnam v Jenney, 168 AD3d 1155, 1156 [2019]). "[W]hether a family offense has been committed is a factual issue to be resolved by [Supreme] Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Maureen H. v Byron I., 140 AD3d 1408, 1410-1411 [2016] [internal quotation marks, ellipsis and citations omitted]). Based on our review of the testimony and evidence, and deferring to Supreme Court's credibility determinations, we decline to disturb Supreme Court's determination that the wife failed to prove, by a preponderance of the evidence, that the husband committed a family offense (see Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1341 [2017]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by increasing defendant's child support obligation to $1,024 per month commencing January 2019, by removing the parenting time provision that allowed defendant to pick up the child from day care when available and when plaintiff was unavailable, and by requiring conferencing on Wednesdays at 7:00 p.m., as more specifically set forth in this Court's decision, and, as so modified, affirmed.