St. Denny v St. Denny (2020 NY Slip Op 03960)





St. Denny v St. Denny


2020 NY Slip Op 03960


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

528093

[*1]Catherine Ann St. Denny, Respondent,
v
Randy A. St. Denny, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Gregory V. Canale, Queensbury, for appellant.
Karen Judd, Glens Falls, for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Bruening, J.), entered June 11, 2018 in Washington County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1999 and do not have children. The wife commenced this action in 2015, seeking, among other things, a divorce, maintenance and counsel fees. After the wife moved for various temporary relief, Supreme Court (McKeighan, J.) issued a pendente lite order requiring the husband to pay the wife temporary spousal maintenance in the sum of $900 per month until final resolution of the matter, as well as temporary counsel fees. Following a nonjury trial, Supreme Court (Bruening, J.), in a May 2018 decision, awarded the wife spousal maintenance in the amount of $1,300 per month, which was to commence following entry of the judgment of divorce and to continue until the wife turned 65 years old. The court also directed the husband to pay the wife's counsel fees. A judgment embodying the court's decision was subsequently entered, from which the husband appeals. We affirm.
In fashioning the amount and duration of a maintenance award, the trial court may consider various factors, including the duration of the marriage, the relative income of the parties, the parties' predivorce standard of living, the age and health of the parties and the parties' future earning potential, as well as any other factor the court deems relevant (see Domestic Relations Law § 236 [B] [former (6)]; Gordon-Medley v Medley, 160 AD3d 1146, 1147 [2018]).[FN1] "The amount and duration of a maintenance award are addressed to the sound discretion of the trial court, and will not be disturbed provided that the statutory factors and the parties' predivorce standard of living are considered" (Stuart v Stuart, 155 AD3d 1371, 1372 [2017] [internal quotation marks and citations omitted]; see Arthur v Arthur, 148 AD3d 1254, 1258 [2017]; Vantine v Vantine, 125 AD3d 1259, 1261 [2015]). Although the court does not have to analyze every factor set forth in Domestic Relations Law § 236 (B) (former [6]), it must give a reasoned analysis for its ultimate determination (see Johnston v Johnston, 156 AD3d 1181, 1184 [2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]; Curley v Curley, 125 AD3d 1227, 1228 [2015]).
The record discloses that the parties were married for approximately 15 years. The husband testified that, during that time, he was the primary wage earner. The husband stated that he was employed throughout the course of the parties' marriage and that, since 2009, he served as a correction officer and earned almost $58,000 per year. The record also discloses that, in 2015, the husband earned approximately $65,000 due to overtime pay. Meanwhile, the wife did not pursue a career during the marriage and only had sporadic part-time jobs, as a house cleaner or serving as a bus monitor during the school year, with some of them paying the minimum wage. Other than fostering three children for approximately four months in 2012, the wife was not employed for the last six years of their marriage. The wife testified that, at the time of the trial, she was employed as a part-time personal care attendant earning between $7.25 and $10.30 per hour. Although the wife requested full-time status, such request had not been granted. The wife also stated that she had a high school education and no specialized training or skills.
Supreme Court found, and the record confirms, that the wife was reliant upon the husband for financial support. The court weighed the parties' present and future earning potential and found that the husband's position as a correction officer provided him with a stable earning capacity in comparison to the wife, who had a limited employment history and education, as well as limited prospects for increased earning potential. Given that the court's decision reflects a careful consideration and analysis of the relevant statutory factors and the parties' predivorce standard of living, we discern no basis to disturb the court's maintenance award (see Arthur v Arthur, 148 AD3d at 1258; Vantine v Vantine, 125 AD3d at 1261-1262; Alecca v Alecca, 111 AD3d 1127, 1129-1130 [2013]; Musacchio v Musacchio, 107 AD3d 1326, 1331 [2013]). In addition, although the court's maintenance award was greater than what was provided for in the pendente lite order, such fact does not constitute an abuse of the court's discretion given that the purpose of temporary maintenance is to "take care of [a party's] reasonable needs pending trial and is not supposed to reflect the ultimate resolution of the issues" (Strong v Strong, 142 AD2d 810, 812 [1988]; see Batson v Batson, 277 AD2d 750, 751 [2000]).
We are also unpersuaded by the husband's assertion that Supreme Court erred in directing him to pay the wife's counsel fees. In an action for a judgment of divorce, a court retains the discretion to direct one party to pay the other party's counsel fees and, absent an abuse of discretion, its determination will not be disturbed (see Rock v Rock, 179 AD3d 1196, 1196-1197 [2020]). Furthermore, in view of her lower income, the wife was the less-monied spouse and, therefore, she was presumptively entitled by statute to counsel fees, subject to rebuttal by the husband (see Domestic Relations Law § 237 [a]; Kimberly C. v Christopher C., 155 AD3d 1329, 1336 [2017]). That said, the record demonstrates that the equitable distribution of the parties' assets did not impact either party's income. The court considered this, as well as the retainer agreements and invoices submitted by the wife's counsel. The court determined that the requested counsel fees was reasonable and also noted that the husband incurred counsel fees of a comparable amount. Because the husband failed to rebut the statutory presumption and, in the absence of any abuse of discretion by the court, the court's determination as to counsel fees will not be disturbed (see Martin v Martin, 178 AD3d 1339, 1342 [2019]; Gordon-Medley v Medley, 160 AD3d at 1149; Johnston v Johnston, 156 AD3d at 1186).
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Contrary to the husband's assertion, Supreme Court correctly considered the statutory factors provided in Domestic Relations Law § 236 (B) (former [6]) given that that version of the statute was in effect at the time the action was commenced in 2015 (compare Bell-Vesely v Vesely, 180 AD3d 1272, 1274 [2020]).