Matter of Washington v Davis (2022 NY Slip Op 04256)

Matter of Washington v Davis

2022 NY Slip Op 04256

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

491 CAF 21-00435

[*1]IN THE MATTER OF CHAD WASHINGTON, PETITIONER-APPELLANT,
v
ELMORE DAVIS, RESPONDENT-RESPONDENT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR PETITIONER-APPELLANT.
LAURIN R. HADDAD, SYRACUSE, FOR RESPONDENT-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered October 7, 2020 in a proceeding pursuant to Family Court Act article 8. The order dismissed the petition and vacated a temporary order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, petitioner appeals from an order that, inter alia, dismissed his family offense petition. We affirm. We reject petitioner's contention that Family Court erred in dismissing the petition. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113 [4th Dept 2012] [internal quotation marks omitted]; see Family Ct Act
§ 832; Matter of Chadwick F. v Hilda G., 77 AD3d 1093, 1093-1094 [3d Dept 2010], lv denied 16 NY3d 703 [2011]). "The determination of whether a family offense was committed is a factual issue to be resolved by the [court], and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44 [2d Dept 2010]; see Matter of Scroger v Scroger, 68 AD3d 1777, 1778 [4th Dept 2009], lv denied 14 NY3d 705 [2010]). As relevant here, a person commits disorderly conduct "when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," he or she "engages in fighting or in tumultuous or threatening behavior"; "makes unreasonable noise"; or "uses abusive or obscene language, or makes an obscene gesture" in a public place (Penal Law § 240.20; see generally Matter of Tucker v Miller, 138 AD3d 1383, 1384 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Shiffman v Handler, 115 AD3d 753, 753 [2d Dept 2014]). According due deference to the court's credibility determinations (see Tucker, 138 AD3d at 1384; Matter of Danielle S. v Larry R.S., 41 AD3d 1188, 1189 [4th Dept 2007]), we conclude that petitioner failed to establish by a preponderance of the evidence that respondent committed acts constituting disorderly conduct (see generally Donna E. v Michael F., 185 AD3d 1179, 1183 [3d Dept 2020]; Matter of Voorhees v Talerico, 128 AD3d 1466, 1467 [4th Dept 2015], lv denied 25 NY3d 915 [2015]).
Petitioner's contention that the court erred in conducting a Lincoln hearing is not preserved for our review (see Matter of Mya N. [Reginald N.], 185 AD3d 1522, 1526 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1146 [4th Dept 2016]; see also Matter of Francisco A. v Amarilis V., 198 AD3d 405, 406 [1st Dept 2021]) and, in any event, any alleged error in having the child testify in camera was harmless (see generally Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1626-1627 [4th Dept 2017], lv [*2]denied 30 NY3d 911 [2018]; Matter of Gracie C. v Nelson C., 118 AD3d 417, 417 [1st Dept 2014]; Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1076-1077 [3d Dept 2012]). Petitioner's contention that the court improperly viewed a video during the hearing is not supported by the record.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court