Matter of McFarlane v McFarlane (2023 NY Slip Op 05295)

Matter of McFarlane v McFarlane

2023 NY Slip Op 05295

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

535531
[*1]In the Matter of Bruce McFarlane, Appellant,
v
Linda McFarlane, Respondent.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Larkin Ingrassia, LLP, Newburgh (Lauren Feely of counsel), for appellant.
Law Office of Jeffrey Schonbrun, New City (Jeffrey Schonbrun of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Ulster County (Anthony McGinty, J.) entered April 8, 2022, which, in a proceeding pursuant to Family Ct Act article 4, partially denied petitioner's objections to an order of a Support Magistrate.
Petitioner (hereinafter the husband) and respondent (hereinafter the wife) were divorced in 2016. The judgment of divorce incorporated, but did not merge, the parties' oral stipulation entered into on the record requiring the husband to pay $3,750 per month in maintenance to the wife for a period of 10 years, commencing in November 2015.
In May 2020, the husband filed a petition seeking to modify his maintenance obligation, alleging that his income had decreased since the time of the parties' divorce because his employment was furloughed due to the COVID-19 pandemic. A resultant order on consent suspended the husband's payments from March 1, 2020 through April 30, 2021, with payments to resume on May 1, 2021. On May 3, 2021, the husband filed a second petition seeking to modify his maintenance obligation as his position was eliminated, and his employment was subsequently terminated indefinitely. At the conclusion of the fact-finding hearing on that petition, the Support Magistrate (Linen, S.M.) determined that the husband had demonstrated an extreme hardship to justify a reduction in maintenance. In calculating the husband's presumptive maintenance amount, the Support Magistrate imputed certain income to the husband.[FN1] Thereafter, the Support Magistrate determined that the resulting presumptive maintenance amount was unjust or inappropriate in that it was too low due to the husband's possession of both a Wells Fargo IRA and a pension. In the end, she reduced his maintenance obligation to $1,500 per month.
The husband filed objections arguing that the Support Magistrate erred in continuing his maintenance obligation as the wife is self-supporting, in imputing income to him, in failing to detail the factors the Support Magistrate considered in deviating from the presumptive maintenance amount and in failing to include certain events triggering the termination of maintenance as agreed upon in their stipulation and contained in the divorce decree. Upon its review, Family Court partially denied the husband's objections. It determined that the Support Magistrate correctly found that the husband demonstrated an extreme hardship warranting a downward modification, that the maintenance obligation should continue, that the Support Magistrate properly imputed income to the husband and appropriately considered the statutory factors in deviating from the presumptive maintenance amount. Family Court agreed with the husband that the Support Magistrate failed to include certain termination events set forth in the divorce decree and remanded the matter to the Support Magistrate to include same. The husband appeals.
"Where, as here, the parties' [stipulation] was incorporated into the judgment of divorce, no modification as to [*2]maintenance shall be made without a showing of extreme hardship" (Matter of Valvo v Valvo, 218 AD3d 909, 910 [3d Dept 2023] [internal quotation marks and citations omitted]; see Domestic Relations Law § 236 [B] [9] [b] [1]).[FN2] "A maintenance obligation established by a judgment of divorce will not be modified absent clear and convincing proof of a substantial change in circumstances" (Watrous v Watrous, 292 AD2d 691, 692 [3d Dept 2002] [citations omitted]; see Domestic Relations Law § 236 [B] [9] [b] [1]).
The husband first contends that because the wife is self-supporting, Family Court erred in its continuance of maintenance in any amount. We disagree. "[T]he fact that she has the ability to be self-supporting by some standard of living does not mean that she is self-supporting in the context of the marital standard of living" (McCaffrey v McCaffrey, 107 AD3d 1106, 1107 [3d Dept 2013] [internal quotation marks and citation omitted]; see Bean v Bean, 53 AD3d 718, 723 [3d Dept 2008]). Here, the wife was self-supporting at the time of the divorce and currently is earning only slightly more than she did then. Thus, Family Court did not err in continuing the husband's obligation to pay maintenance.
The husband next asserts that Family Court erred in imputing income to him. "A trial court has broad discretion to impute income when determining the amount of . . . maintenance and is not bound by the parties' representations of their finances" (Pfister v Pfister, 146 AD3d 1135, 1136 [3d Dept 2017] [citations omitted]; see Seale v Seale, 149 AD3d 1164, 1170 [3d Dept 2017]). "A court is not bound by a party's account of his or her own finances, and . . . the court is justified in finding a true or potential income higher than that claimed" (Yezzi v Small, 206 AD3d 1472, 1475 [3d Dept 2022] [internal quotation marks and citations omitted]; see McGovern v McGovern, 218 AD3d 1067, 1069 [3d Dept 2023]). We find no basis to disturb Family Court's determination to impute to the husband his current wife's payment of his share of the household expenses and her payment of his charges on her American Express credit card. DRL § 240 (1-b) (b) (5) (iv) (D) gives the trial court discretion to attribute and/or impute income to a party on the basis of money, goods or services provided by relatives and friends. Here, the husband submitted a financial disclosure affidavit setting forth his share of the monthly household expenses. He then testified that his current wife has and continues to remit payment of all of these household expenses, including his charges to her American Express card (see Matter of Collins v Collins, 241 AD2d 725, 727-728 [3d Dept 1997], appeal dismissed & lv denied 91 NY2d 829 [1997]; cf. Matter of Tompkins v Tompkins, 110 AD3d 1172, 1173 [3d Dept 2013]).
While we agree that the imputation of income to the husband was appropriate, one-time nonrecurring payments should not have been utilized in calculating the husband's income, including the value of [*3]the Mexican vacation,[FN3] the "probable" payment of counsel fees, the vaccination bonus, the sale of the elliptical, Honda ATV and the PRG vacation pay. There was no evidence that these payments will continue in the future and as such they artificially inflate the husband's imputed income. Thus, these payments should not have been utilized in determining his ongoing maintenance obligation (see Blay v Blay, 51 AD3d 1189, 1192 [3d Dept 2008]; Skinner v Skinner, 271 AD2d 679, 680 [2d Dept 2000]; O'Connor v O'Connor, 241 AD2d 648, 649 [3d Dept 1997]).
Contrary to the husband's contention, Family Court correctly determined that the Support Magistrate clearly delineated the presumptive maintenance amount and articulated the factors she relied upon in deviating from the presumptive amount. Although the court need not articulate every factor it considers, it must provide a reasoned analysis of the factors it relies upon (see Pfister v Pfister, 146 AD3d at 1137). In articulating its reasoning for deviating from the presumptive maintenance amount, the Support Magistrate ultimately relied on the husband's possession of both a Wells Fargo IRA and pension. As the statutory factors include marital property assets previously distributed to a party and the future earning capacity of the parties, we discern no error in the Support Magistrate's determination that the husband could utilize these funds to "bolster" payment of his maintenance obligation (see King v King, 202 AD3d 1383, 1384 [3d Dept 2022]; Hughes v Hughes, 200 AD3d 1404, 1407-1408 [3d Dept 2021]; Domestic Relations Law § 236 [B] [6] [e] [1]).
We will remit this matter to Family Court for an expeditious hearing before the Support Magistrate within 90 days to recalculate the amount of income imputed to the husband and the amount of maintenance.
Clark, J.P., Aarons and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded the wife $1,500 per month maintenance; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The Support Magistrate imputed the following income to the husband: value of his Mexican vacation, the use of his current wife's American Express card, his current wife's contribution toward his share of the household expenses, counsel fees incurred in the present litigation, a vaccination bonus from the husband's current employer, the sale of the husband's elliptical and Honda ATV and the vacation pay earned from his former employer PRG received following his termination.

Footnote 2: A stipulation of settlement placed on the record by counsel is binding, especially when the parties contemporaneously confirm their acceptance on the record. An open court stipulation must contain all material terms and evince a clear mutual accord by the parties to be enforceable (see Myristica, LLC v Camp Myristica, Ltd., 201 AD3d 1078, 1080 [3d Dept 2022]). "When a stipulation meets these requirements, . . . courts should construe it as an independent contract" (id. at 1080-1081).

Footnote 3: Additionally, there is no support in the record that the Mexican vacation was paid subsequent to his loss of employment. The husband testified that the vacation was prepaid and could not be cancelled; he did not seek a refund because the airline offered only a voucher to be used at a later date.