Gardner v Gardner (2024 NY Slip Op 03205)

Gardner v Gardner

2024 NY Slip Op 03205

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

535112 535409
[*1]Paula M. Gardner, Appellant,
v
Roderick R. Gardner, Respondent.

Calendar Date:April 29, 2024

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Nixon Peabody LLP, Albany (James Brennan of counsel), for appellant.

Garry, P.J.
Appeals (1) from an order of the Supreme Court (Adam D. Michelini, J.), entered March 4, 2022 in Washington County, which, among other things, determined that plaintiff was not entitled to maintenance, and (2) from a judgment of said court, entered May 11, 2022 in Washington County, granting a judgment of divorce.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1999 and have three children (twins born in 2000 and a third born in 2002). The wife commenced this action in 2018, seeking a divorce and related relief. Pending trial, the parties entered a written stipulation which was incorporated in a February 2019 order of Supreme Court. In relevant part, the stipulation provided that the parties would share legal custody of the youngest child with primary physical custody to the wife, and that the wife's yearly income was approximated to be $60,000 such that the husband agreed to pay the wife $750 per month in spousal maintenance pending resolution of the divorce action. In March 2022, following a five-day trial, the court issued an order, as is pertinent here, imputing an annual income of $120,000 to the wife and determining that spousal maintenance was no longer warranted. The court thereafter issued a judgment of divorce, incorporating the March 2022 order. The wife appeals.[FN1]
The wife asserts that Supreme Court improperly imputed income to her beyond that previously stipulated to by the parties. "A trial court has broad discretion to impute income when determining the amount of maintenance and is not bound by the parties' representations of their finances" (Matter of McFarlane v McFarlane, 220 AD3d 1083, 1085 [3d Dept 2023] [internal quotation marks, ellipsis and citations omitted]; see McGovern v McGovern, 218 AD3d 1067, 1069 [3d Dept 2023]; Yezzi v Small, 206 AD3d 1472, 1475 [3d Dept 2022]). "Income may be imputed based upon a prior employment experience, as well as such person's future earning capacity in light of that party's educational background" (Arthur v Arthur, 148 AD3d 1254, 1256 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see McGovern v McGovern, 218 AD3d at 1069). "Absent [a] demonstrated abuse of the court's discretion, we will not disturb a determination to impute income to a [party]" (Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [3d Dept 2015] [citation omitted]; see McGovern v McGovern, 218 AD3d at 1069).
The wife claims that $60,000 accurately reflected her annual income. Supreme Court expressly discredited the wife's representations as to her finances, finding that her trial testimony and related submissions were evasive and incredible. The record supports the court's finding that the wife is an experienced and qualified pediatric occupational therapist, receiving income from self-employment and an agency that provides evaluations upon referral, of which she is one-third owner. At the time of the parties' separation in 2015, the wife testified that she [*2]was able to work in her profession at least 40 hours a week, prior to logistical difficulties related to the COVID-19 pandemic. In finding that the wife "grossly overexaggerate[d]" her business expenses, the court noted that her 2016 tax returns reflect gross earnings of roughly $73,000, but that her applied deductions reduced her taxable income to $1,766. In addition to her professional employment, the wife testified that she purchased three rental properties after separating from the husband. The wife claimed that she purchased the first property through loans, and then reinvested any rent collected. Roughly one year later, the wife purchased the second rental property for $30,000 in cash. She acquired the third property the following year, again paying $30,000 in cash. The wife's answers were vague when asked to elaborate upon her income and business expenses related to her real property investments, and the court found that she "feigned ignorance" in this regard. In view of the foregoing, and deferring to the court's credibility determinations, there is no basis to find that the court abused its discretion in imputing an annual income of $120,000 to the wife (see Yezzi v Small, 206 AD3d at 1475-1476; Carter v Fairchild-Carter, 199 AD3d 1291, 1295 [3d Dept 2021]; Askew v Askew, 268 AD2d 635, 636 [3d Dept 2000]).
The wife further challenges Supreme Court's denial of spousal maintenance. "The amount and duration of a maintenance award, if any, are a matter within the sound discretion of Supreme Court, and the award will not be disturbed so long as the statutory factors and the parties' predivorce standard of living were properly considered" (Hughes v Hughes, 198 AD3d 1170, 1173 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Arthur v Arthur, 148 AD3d at 1258). In rendering such determination, factors to be considered include "the duration of the marriage, the relative income of the parties, the parties' predivorce standard of living, the age and health of the parties and the parties' future earning potential, as well as any other factor the court deems relevant" and, "[a]lthough the court does not have to analyze every factor set forth in Domestic Relations Law § 236 (B) (former [6]), it must give a reasoned analysis for its ultimate determination" (St. Denny v St. Denny, 185 AD3d 1246, 1247 [3d Dept 2020]; see Domestic Relations Law § 236 [B] [6] [e]; Gordon-Medley v Medley, 160 AD3d 1146, 1147 [3d Dept 2018]).
The record reflects that Supreme Court considered all relevant factors in determining that spousal maintenance was not appropriate here. The parties were married 19 years and raised three children together, and the wife acknowledged that they enjoyed a "very comfortable lifestyle." Supreme Court found, and the record reflects, that there was no evidence to suggest that "either party struggle[d] to maintain their accustomed standard of living" following their separation. The record further supports the court's [*3]finding that throughout their marriage both parties alternated acting as the primary caregiver of the children while prioritizing the other's career. The wife failed to demonstrate that any reduction in her workload at the time of trial resulted from this prior arrangement; notably, the parties' youngest child was "on the threshold of emancipation" at the time of trial. Although the court acknowledged the wife's testimony that she had once been briefly hospitalized for hypertension, she did not claim that her earning potential was impacted as a result. As to the wife's allegation that an act of sexual abuse by the husband on one occasion caused emotional trauma that reduced her income and earning potential, the court found her testimony to be "vague" and unsupported. Upon review of the court's well-reasoned decision and consideration of the appropriate factors, we find no abuse of discretion in its determination denying the wife continued spousal maintenance (see Domestic Relations Law § 236 [B] [6] [e]; McGovern v McGovern, 218 AD3d at 1072-1073; St. Denny v St. Denny, 185 AD3d at 1247-1248).
Egan Jr., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The wife's right to appeal from the March 2022 order "terminated upon the entry of the judgment of divorce; nevertheless, [her] appeal from said judgment brings up for review [her] arguments pertaining to said order[ ]" (Gaudette v Gaudette, 222 AD3d 1313, 1314 n 1 [3d Dept 2023]).